IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

| | |
|---|---|
| ROY MILLER, individually, and as Personal Representative and beneficiary of the Estate of BETTY MILLER (deceased), | NO.  3:21-cv-05617 |
| Plaintiff, | DEFENDANTS' NOTICE OF REMOVAL |
| v. | |
| HOME DEPOT, U.S.A., INC., a corporation doing business in Washington; and, HD DEVELOPMENT OF MARYLAND, INC., a corporation doing business in Washington, | JURY DEMAND OF TWELVE |
| Defendants. | |

**TO:    Clerk of the United States District Court for the Western District of Washington at Tacoma:**

Please take note that Defendant Home Depot U.S.A., Inc. and HD Development of Maryland, Inc. (collectively referred to as "Home Depot") hereby removes to this Court the State action described below in accordance with 28 U.S.C. §§ 1332, 1441, and 1446.

//

//

DEFENDANTS' NOTICE OF REMOVAL  –
Page 1

## I.    STATE COURT ACTION

1.    The State Court action to be removed *ROY MILLER, individually, and as Personal Representative and beneficiary of the Estate of BETTY MILLER (deceased) v. Home Depot U.S.A., Inc. and HD Development of Maryland, Inc.*, Pierce County Washington Superior Court No. 21-2-06675-7.  (Plaintiff's Complaint – **Exhibit A**.)

## II.    TIME FOR REMOVAL

2.    Plaintiff filed his action in Pierce County Superior Court on July 15, 2021. The Complaint was served on Home Depot on August 5, 2021.  Home Depot therefore has until September 4, 2021 or 30 days after service of Plaintiff's Complaint, to move for removal to this Federal District Court.  28 U.S.C. § 1446(b).

## III.    BASIS FOR REMOVAL

3.    A party may seek removal of a State Court action where the amount in controversy exceeds $75,000 and the action is between citizens of different states.  28 U.S.C. § 1332(a)(1).

### A.    Amount in Controversy

4.    Where it is not factually evident from the complaint that the amount in controversy exceeds $75,000, the moving party is to show, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional requirement.  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

5.    The preponderance of the evidence standard was recently re-affirmed in the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758.  According to the House Report accompanying the bill, "circuits have adopted

DEFENDANTS' NOTICE OF REMOVAL – Page 2

HOLT WOODS & SCISCIANI LLP
701 PIKE STREET, SUITE 2200
SEATTLE, WA  98101
P: (206) 262-1200  F: (206) 223-4065

differing standards governing the burden of showing that the amount in controversy is satisfied. The 'sum claimed' and 'legal certainty' standards that govern the amount in controversy requirement when a plaintiff originally files in Federal court have not translated well to removal, where the plaintiff often may not have been permitted to assert in state court a sum claimed or, if asserted, may not be bound by it." H.R. Rep. No. 112-10, at 15 (2011). Accordingly, "the defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id.* at 16.

6.     It is "facially apparent" from the nature of the claims alleged, and more likely than not from the types of damages sought, that the amount in controversy exceeds $75,000, exclusive of interests and costs.  See *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Del Real v. HealthSouth Corp.*, 171 F. Supp. 2d 1041, 1043 (D. Ariz. 2001) (where state court complaint does not specify amount in controversy, removing defendant need only provide evidence establishing that it is more likely than not that the amount in controversy exceeds the federal jurisdictional requirements; to determine subject matter jurisdiction, the court may entertain extrinsic evidence, weigh evidence, and if necessary resolve factual disputes); see also *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (concluding that complaint "obviously asserts a claim exceeding $75,000" where plaintiff seeks damages for alleged "serious and life-threatening medical conditions" due to use of prescription medicine); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (holding it facially apparent that the amount in controversy was met in slip-and-fall case by allegations of injuries to wrist, knee, patella, and back, and alleged

DEFENDANTS' NOTICE OF REMOVAL  –
Page 3

**HOLT WOODS & SCISCIANI LLP**
701 PIKE STREET, SUITE 2200
SEATTLE, WA  98101
P: (206) 262-1200  F: (206) 223-4065

damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement).

7.    Plaintiff alleges that, on or about July 16, 2018, deceased Betty Miller tripped on a hazard and fell, causing injury. Ex. A ¶II.   Plaintiff alleges that as a result, she received medical treatment for her injuries in the months thereafter.  She passed away on January 6, 2021 and Plaintiff alleges that her fall at Home Depot contributed to her declining health and eventual death. *Id.*   Plaintiff alleges that she continues to suffer from disability, disfigurement, loss of enjoyment of life, mental and physical pain and suffering, and emotional distress, and has incurred medical expenses and other damages. Ex. A ¶III.

8.    Furthermore, a settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim.  *See Cohn v. PetSmart, Inc*., 281 F.3d 837, 840 (9th Cir. 2002); *Chase v. Shop `N Save Warehouse Foods, Inc.,* 110 F.3d 424, 428-30 (7th Cir.1997) (plaintiff's settlement offer is properly consulted in determining "plaintiff's assessment of the value of her case"); *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1097 (11th Cir.1994) (while a "settlement offer, by itself, may not be determinative, it counts for something"); *Wilson v. Belin,* 20 F.3d 644, 651 n. 8 (5th Cir.1994) ("Because the record contains a letter, which plaintiff's counsel sent to defendants stating that the amount in controversy exceeded $50,000, it is `apparent' that removal was proper.").  In the present case, on September 9, 2020, Plaintiff's counsel sent a letter to Home Depot seeking $75,000 in damages. *See Declaration of Kelsey L. Shewbert,* ¶3.  This demand was sent prior to Ms. Miller's death and Plaintiff now also seeks damages associated with the

**HOLT WOODS & SCISCIANI LLP**
701 PIKE STREET, SUITE 2200
SEATTLE, WA  98101
P: (206) 262-1200  F: (206) 223-4065

fall's alleged contribution to Ms. Miller's death. Ex. A ¶II. It is "facially apparent" from the nature of the claims alleged, and more likely than not from the types of damages sought, that the amount in controversy exceeds $75,000, exclusive of interests and costs.

9.     A reasonable person would conclude that Plaintiff is seeking damages in excess of $75,000. That is, Plaintiff filed his Complaint in the Superior Court. In Washington, the Superior Court has jurisdiction for claims seeking $100,000 or more while claims of less than $100,000 are filed in the State District Courts. RCW 2.08.010; 3.66.020; CR 101(a).

10.     Attorneys' fees and costs of suit may be considered when determining if the amount in controversy exceeds $75,000 for purposes of establishing diversity jurisdiction. *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943). Plaintiff seeks an award for Plaintiffs' attorneys' fees and fees of expert witnesses. Ex. A, ¶IV.

11.     Therefore, it is apparent from the face of Plaintiff's Complaint that Plaintiff is alleging damages in excess of $75,000.

**B.     <u>Diversity of Citizenship</u>**

12.     This is a personal injury action arising from damages allegedly sustained by Plaintiff while shopping at a Home Depot store in Puyallup, Washington.

13.     Plaintiff is a citizen of Washington. *See Declaration of Kelsey L. Shewbert, ¶4.*

14.     Defendant Home Depot U.S.A., Inc. is a corporation incorporated in the State of Delaware with its principal place of business in the State of Georgia. *See Declaration of Kelsey L. Shewbert, ¶5.* For the purpose of removal based on diversity jurisdiction, Home

DEFENDANTS' NOTICE OF REMOVAL –
Page 5

**HOLT WOODS & SCISCIANI LLP**
701 PIKE STREET, SUITE 2200
SEATTLE, WA  98101
P: (206) 262-1200  F: (206) 223-4065

Depot U.S.A., Inc. is a citizen of the states of Delaware and Georgia.  28 U.S.C. § 1332(C)(1); *Hertz Corp v. Friend*, 559 US 77 (2010).

15.    Defendant HD Development of Maryland, Inc. is a corporation incorporated in the State of Maryland with its principal place of business in the State of Georgia.  *See Declaration of Kelsey L. Shewbert,* ¶6.  For the purpose of removal based on diversity jurisdiction, HD Development of Maryland, Inc. is a citizen of the states of Maryland and Georgia.  28 U.S.C. § 1332(C)(1); *Hertz Corp v. Friend*, 559 US 77 (2010).

### IV.    REQUIRED DOCUMENTS

16.    Home Depot will promptly file a copy of this Notice with the Clerk of the Pierce County Superior Court and will give written notice to all adverse parties.  28 U.S.C. § 1446(d).

17.    Within fourteen days of this Notice, Home Depot will file with the District Court of Washington black-on-white copies of all additional records and proceedings in the State Court, together with counsel's verification that these are true and complete copies of all records and proceedings if there are additional documents which were not filed with this notice of removal.  Local Rule W.D. Wash. 101(c).

18.    In accordance with 28 U.S.C. § 1446(a) and Local Rule W.D. Wash. 101(b), attached are the following documents which have been served on Home Depot: **Exhibit A** – the Complaint; **Exhibit B** – Summons; **Exhibit C** – Order Setting Case Schedule and **Exhibit D** – Case Information Cover Sheet; and **Exhibit E** – Notice of Appearance of Counsel.

**HOLT WOODS & SCISCIANI LLP**
701 PIKE STREET, SUITE 2200
SEATTLE, WA  98101
P: (206) 262-1200  F: (206) 223-4065

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## V.    JURY DEMAND

19.    As permitted by Fed. R. Civ. P.  38, Fed. R. Civ. P. 81(c)(3), and Local Rules 38(b) and 101(e), Home Depot demands a jury of twelve (12).

## VI.    INTRADISTRICT ASSIGNMENT

20.    This matter should be assigned to the Tacoma Division, as the alleged events in this matter arose in Pierce County, making the Tacoma Division the appropriate venue. Local Rule W.D. Wash. 3(e).

WHEREFORE, Home Depot requests that the above action, *ROY MILLER, individually, and as Personal Representative and beneficiary of the Estate of BETTY MILLER (deceased) v. Home Depot U.S.A., Inc. and HD Development of Maryland, Inc.*, Pierce County Washington Superior Court No. 21-2-06675-7, be removed to the United States District Court for the Western District of Washington at Tacoma.

DATED this 25th day of July, 2021.

HOLT WOODS & SCISCIANI LLP

By *s/ Kelsey L. Shewbert*
By *s/Kaytlin L. Carlson*
   Kelsey L. Shewbert, WSBA No. 51214
   kshewbert@hwslawgroup.com
   Kaytlin L. Carlson, WSBA No. 52606
   kcarlson@hwslawgroup.com
   Attorneys for Defendants

HOLT WOODS & SCISCIANI LLP
701 PIKE STREET, SUITE 2200
SEATTLE, WA  98101
P: (206) 262-1200  F: (206) 223-4065

1

CERTIFICATE OF SERVICE

2
    I certify under penalty of perjury under the laws of the State of Washington, that the

3
following is true and correct:

4
    I am employed by the law firm of Holt Woods & Scisciani LLP.

5
    At all times hereinafter mentioned, I was and am a citizen of the United States of

6
America, a resident of the State of Washington, over the age of eighteen (18) years, not a

7
party to the above-entitled action, and competent to be a witness herein.

8
    On the date set forth below I served the document(s) to which this is attached, in the

9
manner noted on the following person(s):

10

| PARTY/COUNSEL | DELIVERY INSTRUCTIONS |
|---|---|
| **CO /Plaintiff**<br>Mark Derricott<br>Michael Gustafson<br>Emerald Law Group, PLLC<br>12055 15th Ave NE<br>Seattle, WA 98125 | ☒ **Via U.S. Mail**<br>☒ **Via E-Mail**<br>☐ **Via Messenger Service**<br>☒ **Via CM/ECF Service**<br>*mark@emeraldlawgroup.com*<br>*michael@emerallawgroup.com* |

11

12

13

14

15

16
    DATED this 25th day of August, 2021 in Seattle, Washington.

17

18
                                    *s/Christie Kramer*
                                    Christie Kramer, Legal Assistant

19

20

21

22

23

24

25

26

DEFENDANTS' NOTICE OF REMOVAL  –
Page 8